Mr. Justice Thacher
delivered the opinion of the court.
The plaintiff in error was indicted in the Hinds county circuit court, under the act of 1839, ch. 26, entitled “ an act further to suppress and discourage gaming.” A verdict of guilty was rendered upon the indictment.
The first point made in the case was considered and decided by this court in the case of Thomas Dowling v. The State, 5 S. & M. 664. This point had reference to the mode in which the grand jury were empanelled, and was determined unfavorably to the position assumed by the plaintiff in error in this case.
Another point in this case is made as to the sufficiency of the indictment. The indictment charges, that the defendant “ did play at a game at cards for money.” It is objected, that this description of the offence is not sufficiently certain, and that it should have set forth the name of the game at cards played by the defendant. The statute H. & H. 683, sect. 79, enacts that “ if any person or persons shall encourage or promote any game or games, or shall play at any game or games at cards, &c. for money, &c.;” and the same statute, H. & H. 684, sect. 85, provides, that in all cases arising under this or any other act to suppress gaming, it shall be sufficient to charge the general name of the game at which the defendant^ay have played, without setting forth or describing with or against whom he may have played or bet. In Tennessee, the statute against gaming, Act 1799, chap. 8, sect. 2, is nearly word for word similar to that of Mississippi. In the case of Dean v. The State of Tennessee, Martin & Yerg. R. 1, 127, the indictment charged that Dean “ did unlawfully encourage and promote a certain unlawful game and match at cards for money, and unlawfully did play for and bet money at the said game and match at cards,” &c. An objection was raised to the insufficiency and uncertainty of the *63 charge in the indictment, in not specifying the particular game played at for money, and the amount of money bet. The court held the allegation in the indictment to be sufficient. In the case of Montee v. The Commonwealth, 3 J. J. Marshall’s R. 135, it was decided that the word “cards” identifies the specific game played, and that the individual game of cards played need not be stated.
We are disposed to think that the allegation in the indictment that the defendant “ did play at cards for money,” is sufficiently defined for any reasonable or legal purpose; for “it may be,” as was said by Judge Peck, in the case quoted above from Martin & Yerger’s Reports, “ that adepts at gaming play for money without any game, where their invention for names has been exhausted.”
Judgment affirmed.